UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

IVEC Systems, LLC,

    Plaintiff,

v.

Abicor Binzel USA, Inc.,

    Defendant.

Case No.

JURY DEMAND

## COMPLAINT

Plaintiff, IVEC Systems, LLC, by and through its attorneys, Godfrey & Kahn, S.C. and Marshall, Gerstein & Borun LLP, brings the following Complaint against Defendant, Abicor Binzel USA, Inc.:

### The Parties

1. Plaintiff, IVEC Systems, LLC ("IVEC") is a Wisconsin limited liability company having a principal place of business in New Berlin, Wisconsin.

2. Upon information and belief, Defendant, Abicor Binzel USA, Inc. ("Abicor Binzel") is a Michigan corporation having a principal place of business at 650 Medimmune Court, Suite 110, Fredrick, Maryland 21703. Abicor Binzel's registered agent is The United States Corp Company, 601 Abbott Road, East Lansing, MI 48823.

### Nature of the Action

3. This action arises from Abicor Binzel's willful and unauthorized use of IVEC's trademark in violation of IVEC's rights. IVEC seeks damages and injunctive relief against Abicor Binzel for trademark infringement, unfair competition, and deceptive trade practices.

1

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338, and 1367.

5. Personal jurisdiction based on 735 ILCS 5/2-209 is proper in this District because the defendant is located in this District, transacts business in the District, and/or has engaged in activities that subject the defendant to the jurisdiction of this Court including distributing, selling, or offering to sell the infringing products in this District.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b), at least because a substantial part of the events or omissions giving rise to the claims occurred in this District, including because Abicor Binzel distributes, sells, or offers to sell the infringing products in this district.

**Background**

7. IVEC is a manufacturer of products in the field of dust collection and air filtration, including welding fume extraction systems sold under the trademark FUMEVAC.

8. IVEC is the owner of all right, title and interest in the FUMEVAC name and mark (the "FUMEVAC Mark") in connection with welding fume extraction systems and other equipment. IVEC owns both common law and registered rights in the FUMEVAC Mark.

9. Hastings Air-Energy Control, Inc. ("Hastings") was the original owner of the FUMEVAC Mark, having selected, adopted and initially used the mark for use with fume extraction systems.

10. On July 11, 2016, Hastings filed U.S. Trademark Application Serial Number 87/099,647 to register FUMEVAC with the USPTO.

11. The FUMEVAC Mark is registered with the U.S. Patent and Trademark Office by virtue of U.S. Trademark Registration No. 5,243,170 (the "FUMEVAC Registration") which

2

issued on July 11, 2017 and relates to "equipment, devices and components for capturing fumes, namely, industrial air filter machines for extracting fumes in manufacturing facilities and ventilation units for extracting fumes in non-medical industrial settings." **Exhibit A** is a true and correct copy of the FUMEVAC Registration, along with a current TSDR status report.

12. On April 12, 2018, Hastings assigned the FUMEVAC Registration to IVEC in connection with the IVEC business becoming an operating business separate from Hastings. Both Hastings and IVEC are commonly owned by parent company, Air Quality Group, Inc.

13. Since at least 2017, Hastings and IVEC have been using the FUMEVAC Mark in connection with the sale and offering of sale of welding fume extraction systems and certain additional products manufactured at the direction and on behalf of IVEC and Hastings under the FUMEVAC Mark.

14. By virtue of nationwide sales of products in connection with the FUMEVAC Mark and extensive use, advertising, and promotion of the FUMEVAC Mark throughout the U.S., the FUMEVAC Mark has become well known and has acquired secondary meaning identifying IVEC and its products.

15. The FUMEVAC Mark and products sold under the mark are promoted through the FUMEVAC website at fumevac.com, through dozens of tradeshows across the country, as well as through printed ads and product literature. A representative sample of promotional materials bearing the FUMEVAC Mark is attached as **Exhibit B.** Hastings and IVEC have sold several millions of dollars of products and services under the FUMEVAC Mark.

16. On information and belief, when Abicor Binzel initially began marketing its fume extraction products, it used the mark XTRACT and did not use any form of the term

3

FUMEVAC. For example, a sample of one of Abicor Binzel's brochures from 2016 is attached as **Exhibit C,** showing use of the term XTRACT to brand its fume extraction products.

17. From at least 2016 to September 2019, Abicor Binzel had a business relationship with Hastings and IVEC, in which Abicor Binzel supplied products to Hastings for resale.

18. On information and belief, Abicor Binzel learned about IVEC's products marketed and sold in connection with the FUMEVAC Mark, at least in part through Abicor Binzel's business relationship with Hastings and IVEC.

19. After the parties' business relationship slowed, Abicor Binzel began branding its fume extraction products with the term "xFUME VAC." **Exhibit D** is a sample of a recent Abicor Binzel brochure showing use of the term xFUME VAC in connection with its fume extraction products.

20. Abicor Binzel currently promotes fume extraction products in connection with the name and mark xFUME VAC on the internet, either itself or through its parent company. True and correct screenshots from an Abicor Binzel website taken on November 7, 2019 are shown below:




4



*See* Abicor Binzel Website, promoting xFUME VAC PRO,[1] xFUME VAC ADVANCED,[2] and xFUME VAC FLEX.[3]

21. After learning about Abicor Binzel's adoption of xFUME VAC, on or about October 17, 2019, a representative for IVEC contacted Abicor Binzel's president, John Kaylor, and requested that Abicor Binzel immediately stop using the xFUME VAC term. Subsequent telephone conversations and emails were exchanged between counsel for the parties.

22. In an email dated November 1, 2019, Abicor Binzel's counsel rejected IVEC's request that it discontinue use of xFUME VAC and explained that Abicor Binzel intends to continue use of the term.

---

[1] https://www.binzel-abicor.com/DE/eng/products/extraction-technology/fume-extraction-systems/fume-extraction-system-xfume-vac-pro/

[2] https://www.binzel-abicor.com/DE/eng/products/extraction-technology/fume-extraction-systems/fume-extraction-system-xfume-vac-advanced/

[3] https://www.binzel-abicor.com/DE/eng/products/extraction-technology/fume-extraction-systems/fume-extraction-system-xfume-vac-flex/

23. The FABTECH trade show—which purports to be North America's largest metal forming, fabricating, welding and finishing event—is taking place from November 11-14, 2019 in Chicago, Illinois.

24. The FABTECH tradeshow is promoted extensively prior to the event, including at the event website at www.fabtechexpo.com.

25. IVEC itself advertises at and participates in the FABTECH tradeshow. Attached as **Exhibit E** is a true and correct sample of IVEC's full-page advertisement in the FABTECH 2019 issue of *Fabricating and Metalworking* magazine.

26. Abicor Binzel also promoted its upcoming appearance at the FABTECH trade show, and its intention to market and sell its products under xFUME VAC, on its own website at https://info.binzel-abicor.com/fabtech-preview-abicor-binzel. **Exhibit F** is a true and correct copy of Abicor Binzel's FABTECH Preview page on its website, printed on November 7, 2019.

27. In advance of the FABTECH trade show, Abicor Binzel also promoted through its Twitter account, the company's upcoming appearance at the show and its intention to promote and sell fume extraction products under the xFUME VAC name and mark. A true and correct image of one of Abicor Binzel's social media posts on Twitter is shown below:



28.     On November 11, 2019, the first day the FABTECH show was open to the public, Abicor Binzel displayed and offered for sale xFUME VAC products at the FABTECH trade show at McCormick Place in Chicago.

29.     Below are true and correct photographs of Abicor Binzel's xFUME VAC products at the FABTECH trade show:

7

 

30. IVEC has been and is being damaged by Abicor Binzel's use of xFUME VAC, and IVEC will be irreparably harmed unless Abicor Binzel's infringement is enjoined.

**Count I: Federal Trademark Infringement under 15 U.S.C. § 1114**

31. IVEC here incorporates by reference Paragraphs 1 through 30 of this Complaint and asserts that Abicor Binzel is liable for trademark infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114.

32. Abicor Binzel has knowingly and willfully infringed IVEC's registered FUMEVAC Mark with an intent to deceive the consuming public by using, without permission or authority, in commerce, the confusingly similar xFUME VAC name and mark in connection with the sale, offering for sale, distribution, and advertising of its fume extraction products, which are identical or closely related to IVEC's goods sold in conjunction with its FUMEVAC

Mark. Such use is likely to cause confusion, mistake, or deception as to the source or origin of Abicor Binzel's goods.

33. Abicor Binzel had actual notice of IVEC's rights in the FUMEVAC Mark at least because of its prior business relationship with Hastings.

34. Abicor Binzel had constructive notice of IVEC's FUMEVAC Mark at least as of July 11, 2017, when Registration No. 5,243,170 issued.

35. IVEC's reputation and goodwill have been and are likely to continue to be damaged by reason of the deception and confusion associated with Abicor Binzel's use of xFUME VAC.

36. Abicor Binzel's use of xFUME VAC is likely to cause confusion, to cause mistake, or to deceive the consuming public as to the affiliation, connection or association of Abicor Binzel with IVEC. The consuming public is likely to believe that Abicor Binzel's products originate with IVEC, are licensed, sponsored or approved by IVEC, or in some way are connected with or related to IVEC in violation of 15 U.S.C. § 1114(1)(a).

37. IVEC has no control over the nature and quality of the goods sold or advertised by Abicor Binzel. Any failure, neglect, or deficiencies by the Abicor Binzel in providing such goods will reflect adversely on IVEC as the believed source or origin thereof, thereby hampering efforts by IVEC to continue to protect its reputation for high quality goods.

38. The aforementioned acts relating to the use of xFUME VAC by Abicor Binzel were and are willful and intentional and have caused and are likely to continue to cause IVEC to suffer pecuniary damage and irreparable injury. Abicor Binzel's activities will continue to cause irreparable injury and damage unless enjoined by this Court.

39. Abicor Binzel's activities violate 15 U.S.C. § 1114.

40. Abicor Binzel's activities and conduct have harmed and continue to harm IVEC, and accordingly, IVEC is entitled to recover its damages, Abicor Binzel's profits received as a result of its activities and conduct, and the cost of bringing this action pursuant to 15 U.S.C. § 1117(a).

41. IVEC has no adequate remedy at law and is entitled to a preliminary and a permanent injunction enjoining Abicor Binzel from further violation of IVEC's trademark rights pursuant to 15 U.S.C. § 1116.

## Count II: Unfair Competition Under § 43(a) of the Lanham Act

42. IVEC incorporates paragraphs 1 through 41 as if fully set forth herein and asserts that Abicor Binzel is liable for unfair competition and false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. IVEC and Hastings have used the FUMEVAC Mark in the United States since at least as early as 2017 to identify fume extraction products in extensive advertising and promotional activities. IVEC has spent significant sums of money and organizational resources to build recognition of its FUMEVAC Mark. The FUMEVAC Mark has come to represent to the consuming public the high quality goods provided by IVEC.

44. IVEC has previously and continues to actively provide goods under the FUMEVAC Mark and use its FUMEVAC Mark throughout the United States since long before Abicor Binzel began offering goods using the xFUME VAC term.

45. Abicor Binzel's use of the xFUME VAC term constitutes unfair competition and false designation of origin of goods provided by Abicor Binzel and is a false and misleading representation in violation of § 43(a) of the Lanham Act. 15 U.S.C. § 1125(a).

46. Abicor Binzel had actual notice of IVEC's rights in the FUMEVAC Mark at least because of its prior business relationship with Hastings.

47. Abicor Binzel had constructive notice of IVEC's FUMEVAC Mark at least as of July 11, 2017 when Registration No. 5,243,170 issued.

48. Abicor Binzel's use of the xFUME VAC term with goods identical or closely related to those offered by IVEC in conjunction with its FUMEVAC Mark is likely to cause confusion, cause mistake and to deceive the consuming public as to the affiliation, connection or association of Abicor Binzel with IVEC as to the origin, sponsorship or approval of Abicor Binzel's goods by IVEC where no such affiliation, connection or association exists.

49. Abicor Binzel's past and continued activities have been willful and deliberate, knowingly and intentionally designed to trade upon the significant goodwill of IVEC's FUMEVAC Mark, to cause confusion or mistake, and to deceive the public as to the source or origin of Abicor Binzel's goods.

50. IVEC has no control over the nature and quality of the goods sold or advertised by Abicor Binzel. Any failure, neglect, or deficiencies by Abicor Binzel in providing such goods will reflect adversely on IVEC as the believed source or origin thereof, thereby hampering efforts by IVEC to continue to protect its reputation for high quality goods.

51. IVEC's reputation and goodwill have been and are likely to continue to be damaged by reason of the deception and confusion associated with Abicor Binzel's infringing use of confusingly similar words and terms to which IVEC has the exclusive rights.

52. The aforementioned acts relating to the use of the confusingly similar FUMEVAC Mark are willful and intentional and have caused and are likely to continue to cause IVEC to

suffer pecuniary damage and irreparable injury. Abicor Binzel's activities will continue to cause irreparable injury and damage unless restrained by this Court.

53. Abicor Binzel's use of the xFUME VAC term and other acts mimicking IVEC's style of doing business constitutes a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) for which IVEC has no adequate remedy at law and for which IVEC is entitled to a preliminary and a permanent injunction enjoining Abicor Binzel from further violation of IVEC's rights pursuant to 15 U.S.C. § 1116.

54. Abicor Binzel's activities and conduct have harmed and continue to harm IVEC, and accordingly, IVEC is entitled to recover its damages, Abicor Binzel's profits received as a result of its activities and conduct, and the cost of bringing this action pursuant to 15 U.S.C. § 1117(a).

## Count III: Common Law Trademark Infringement and Unfair Competition

55. IVEC here incorporates by reference Paragraphs 1 through 54 of this Complaint.

56. Abicor Binzel's willful and knowingly unauthorized use of the term xFUME VAC in connection with its fume extraction tools is likely to cause confusion, cause mistake or deceive the purchasing trade, the public, and others, by leading them to believe that the products, services, or materials offered by Abicor Binzel originate from IVEC or, are approved or sponsored by IVEC, or that Abicor Binzel is in some manner associated with or connected to IVEC.

57. Abicor Binzel's willful infringement of IVEC's common law trademark rights and unfair competition with IVEC have caused and are likely to continue to cause pecuniary damage and irreparable harm and injury to IVEC's business, reputation, and goodwill.

58. IVEC has no adequate remedy at law and will continue to be irreparably damaged unless and until Abicor Binzel's violations of IVEC's rights are preliminarily and permanently enjoined by this Court.

### Count IV: Deceptive Trade Practices

59. IVEC here incorporates by reference Paragraphs 1 through 58 of this Complaint.

60. On information and belief, Abicor Binzel actively participated in the acts alleged in this count. By committing the acts alleged above, Abicor Binzel has engaged in unfair or deceptive acts or practices, causing a likelihood of confusion or of misunderstanding as to the source, sponsorship or approval of goods sold by Abicor Binzel, causing a likelihood of confusion or of misunderstanding as to affiliation, connection or association with IVEC, and otherwise engaging in conduct creating a likelihood of confusion or misunderstanding. These acts are in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et. seq.* and the Uniform Deceptive Trade Practices Act, adopted by Illinois, 815 ILCS 510/1 *et. seq.*

61. Abicor Binzel's activities and conduct have harmed and continue to harm IVEC.

62. The goodwill and reputation of IVEC's business in connection with its FUMEVAC Mark are of significant value and IVEC will suffer irreparable injury should Abicor Binzel's infringement continue to the determent of IVEC's trade reputation and goodwill. Because this irreparable injury cannot be adequately calculated or compensated solely by money damages, IVEC seeks preliminary and permanent injunctive relief.

63. Because Abicor Binzel's activities and conduct were and are willful, IVEC is entitled to recover costs and attorney's fees.

**Prayer for Relief**

WHEREFORE, IVEC prays for judgment that:

1. Abicor Binzel, its officers, agents, servants, employees, attorneys, successors and assigns and all persons in privity, active concert or participation with them, be temporarily, preliminarily, and permanently enjoined from:

    a. using "xFUME VAC" or any other name, term, or mark confusingly similar thereto alone or in combination with other words, names, styles, titles or marks in connection with the advertising, promotion, sale, or offering for sale of fume extraction equipment;

    b. imitating, copying or making unauthorized use of IVEC's distinctive trademarks, trade names, and any other confusingly similar names or marks;

    c. using any false designation of origin or false description which does, can, or is likely to, lead the trade or public to believe that any products, services, or materials, distributed or sold by Abicor Binzel or its affiliates, is in any manner associated or connected with IVEC, or is offered, sold, manufactured, licensed, sponsored, approved, published, or authorized by IVEC;

    d. engaging in any activity constituting an infringement of the FUMEVAC Mark or IVEC's rights to use or exploit the same; and

    e. affixing, applying, annexing and/or using in connection with fume extraction equipment and other related goods and services any false designation of origin or any false description or representation;

2. Abicor Binzel has infringed IVEC's FUMEVAC Mark in violation of 15 U.S.C. § 1114;

3. Abicor Binzel has unfairly competed with IVEC in violation of 15 U.S.C. § 1125(a) by the acts complained of;

4. Abicor Binzel has infringed IVEC's common law trademark rights in the FUMEVAC Mark by the acts complained of;

5. Abicor Binzel has unfairly competed with IVEC in violation of the common law by the acts complained of;

6. Abicor Binzel be required to account for and pay to IVEC any and all damages sustained by IVEC by reason of Abicor Binzel's infringement and unfair competition;

7. An award of damages, to be determined at trial, including enhanced damages as provided in 15 U.S.C. § 1117;

8. IVEC be awarded its attorneys' fees and costs under 15 U.S.C. § 1117;

9. Under 15 U.S.C. § 1118 all materials in the possession or control of Defendant bearing the "xFUME VAC" term be delivered up and destroyed;

10. For compensatory damages in an amount to be determined at trial of this matter;

11. IVEC be awarded preliminary and permanent injunctive relief and reasonable attorneys' fees, costs, and disbursements as the prevailing party pursuant to the Illinois Consumer Fraud and Deceptive Businesses Act and the Uniform Deceptive Trade Practices Act; and

12. For such other and further relief as the Court deems just and equitable.

## **JURY DEMAND**

IVEC hereby requests a trial by jury on all issues so triable.

Dated: November 11, 2019                                    Respectfully submitted,

/s/ Tiffany D. Gehrke
Brian G. Gilpin
GODFREY & KAHN, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Email: bgilpin@gklaw.com

Jennifer L. Gregor
GODFREY & KAHN, S.C.
One East Main Street
Madison, WI 53703
Phone: 608-257-3911
Fax: 608-257-0609
Email: jgregor@gklaw.com

Benjamin T. Horton
Tiffany D. Gehrke
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
Chicago, IL 60606
Phone: 312-474-6300
Fax: 312-474-0448
Email: bhorton@marshallip.com
Email: tgehrke@marshallip.com

*Attorneys for Plaintiff, IVEC Systems, LLC*

21448603.